UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS, | No. 2:22-cv-0903 KJN P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including

by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Discussion

The sole defendant identified in the caption of plaintiff's complaint is Warden Patrick Covello. Fed. R. Civ. P. 10. Plaintiff does not include a section identifying each named defendant and providing his or her address for purposes of service of process.

Plaintiff includes no charging allegations as to defendant Covello. Moreover, plaintiff cannot state a civil rights claim against defendant Covello based solely on his role as warden. Iqbal, 556 U.S. at 679.

Plaintiff's purported amended complaint explains why his prison sentence is too long because he should receive benefit of Proposition 57 because he was convicted of a nonviolent felony, that various rules violation reports also increased his sentence, and briefly recounts various physical assaults by inmates and staff, including by Correctional Officer Gosai, who plaintiff is suing in another case, Hicks v. Gosai, 20-2303 KJM JDP (E.D. Cal.), as well as alleged mistreatment by a clinician. But plaintiff fails to specifically identify who he intends to sue and for what alleged violation of his constitutional rights, and he fails to set forth any requested relief.

### Proposition 57

Plaintiff now informs the court that he was convicted of human trafficking, a nonviolent felony, and has served his primary term. However, to the extent plaintiff again attempts to raise a civil rights claim based on the refusal to provide him relief under Proposition 57, plaintiff's renewed effort fails. See Bisel v. Kernan, 2018 WL 11294697, at *7-10 (E.D. Cal. Aug. 17, 2018) (surveying cases challenging the failure to provide relief under Proposition 57 to inmates convicted of nonviolent felonies).

Here, plaintiff was convicted of:

> three counts of human trafficking of a minor [Cal. Penal Code § 236.1], four counts of unlawful sexual intercourse with a minor more than three years his junior, one count of possession of a controlled

> substance, one count of possession of a firearm by a felon, and three counts of furnishing a controlled substance to a minor. He was sentenced to 19 years, four months in prison.

People v. Hicks, 17 Cal. App. 5th 496, 499, 225 Cal. Rptr. 3d 682, 688-89 (2017), as modified (Nov. 17, 2017).[1] On appeal, the state appellate court found that the trial court used a proper basis to impose an aggravated sentence -- "prior convictions were numerous and of increasing severity." Id., 17 Cal. App. 5th at 512-13. The state appellate court also reiterated the trial court's reasons for imposing aggravated concurrent terms under Cal. Rules of Court 4.421(b)(2). Hicks, 17 Cal. App. 5th at 513. The judgment of conviction was affirmed, but the abstract of judgment was amended to reflect a consecutive sentence of one-third the midterm on count 11 (two years, with the "1/3 Consecutive" box checked). Id. at 516.

Plaintiff is correct that his conviction for human trafficking is categorized as a nonviolent felony. However, such conviction requires plaintiff to register as a sex offender under California Penal Code Section 290. Id. It appears that the CDCR has determined that such registration requirement precludes plaintiff from receiving parole consideration under Proposition 57.

Contrary to plaintiff's belief that his inability to access early release under Proposition 57 violates the intent of the public in passing Proposition 57, at least one state court justice disagrees. In re Gadlin, 31 Cal. App. 5th 784, 796 (2019), aff'd, 10 Cal. 5th 915 (2020) (concurrence). In Gadlin, Justice Baker evaluated Proposition 57 in the context of those inmates, like plaintiff, who were convicted of nonviolent felonies but were convicted of sex offenses that require registration as a sex offender under California Penal Code Section 290. Gadlin, 33 Cal. App. 5th at 796. The Justice concluded that

> Proposition 57's proponents assured voters that those required to register as sex offenders would not benefit from the initiative, and that assurance leaves me convinced voters did not intend to preclude

---

[1] Plaintiff's sentence was comprised of the following: "the upper term of 12 years on count 1; consecutive terms of two years eight months (one-third the midterm) on counts 2 and 6; concurrent three year terms (the upper term) on counts 3, 4, 5, 8, and 10; 365 days on count 9 (time served); a concurrent sentence of three years (the upper term) on count 10; a consecutive two year sentence (one-third the midterm) on count 11; and concurrent nine year sentences (the upper term) on counts 12 and 13. Defendant was assessed various fines and fees, awarded presentence custody credits, and ordered to register pursuant to section 290." Hicks, 17 Cal. App. 5th at 503.

> CDCR from promulgating regulations that preclude relief for state prison inmates incarcerated for a current crime that requires registration as a sex offender.

Gadlin, 31 Cal. App. 5th at 796.  In his amended complaint, plaintiff identifies no facts that support a cognizable civil rights claim in connection with Proposition 57.  In addition, plaintiff fails to identify a particular individual responsible for such alleged violation.

Remaining Allegations

The remaining allegations in plaintiff's amended complaint are too vague and conclusory to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff must specifically identify what cause of action he is pursuing against each named defendant, and what relief he seeks through this action.

Misjoinder

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under

Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Leave to Amend

Because plaintiff failed to comply with the requirements of Rules 8(a)(2) and 10 of the Federal Rules of Civil Procedure, the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint. Plaintiff is required to use the court's form to file his amended pleading.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original or prior pleading is superseded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, this court's orders, and the Local Rules of Practice; the second amended complaint must be filed on the court's complaint form, bear the docket number assigned this case and be labeled "Second Amended Complaint";
failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  January 24, 2023

/hick0903.14amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE