UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK COVELLO, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0903 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  Plaintiff's second amended complaint is before the court.  As discussed below, plaintiff is granted the option of pursuing his Eighth Amendment claims against defendants Powell and Dr. Pleshchuk, or plaintiff may elect to amend again and delay service of process on any defendant.

Screening

The undersigned screened plaintiff's second amended complaint and determined that plaintiff states potentially cognizable Eighth Amendment claims against defendants Powell and Dr Pleshchuk.  Plaintiff may proceed forthwith to serve defendants Powell and Dr. Pleshchuk and pursue Eighth Amendment claims against them or may delay serving any defendant and attempt to state cognizable Eighth Amendment claims against defendant Dr. Kim and defendant Costa.

////

1

1  Claims Not Cognizable

2      Retaliation

3          In his first claim, plaintiff marked the box "retaliation."

4          "Prisoners have a First Amendment right to file grievances against prison officials and to

5  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

6  (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

7  prison context has five elements:  "(1) An assertion that a state actor took some adverse action

8  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

9  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

10  advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

11  2005).

12          Here, plaintiff does not allege that a particular defendant took an adverse action against

13  plaintiff based on plaintiff's conduct protected under the First Amendment.  Liberally construing

14  plaintiff's allegations contained in his second amended complaint, plaintiff fails to allege facts

15  meeting all of the elements of a retaliation claim.  Indeed, plaintiff fails to identify any conduct

16  protected under the First Amendment that might have triggered the alleged actions or omissions

17  and did not address the fourth or fifth elements of a putative retaliation claim.  Plaintiff fails to

18  state a cognizable retaliation claim.

19      Eighth Amendment

20          In his second claim, plaintiff marked the box "threat to safety."  However, the undersigned

21  construes plaintiff's claims as alleging that defendants Powell, Dr. Pleshchuk and Dr. Kim were

22  deliberately indifferent to plaintiff's serious mental health needs.

23          To state a viable claim of deliberate indifference to a serious medical need, a plaintiff

24  must show that (1) a serious medical need exists, and (2) defendant's response was deliberately

25  indifferent.  Serious medical need can be shown by demonstrating that a failure to treat a prisoner

26  could result in significant injury or worsening pain.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

27  2006).  A deliberately indifferent response can be shown by a purposeful act or failure to respond

28  to a prisoner's pain or possible medical need coupled with harm caused by that indifference.  Id.

1     Moreover, in order to state a § 1983 claim, a plaintiff must show each defendant "[performed] an

2     affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which

3     he is legally required to do that causes the deprivation of which [the plaintiff complains]."

4     Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5           As discussed above, the undersigned finds plaintiff stated potentially cognizable Eighth

6     Amendment claims as to defendants Powell and Dr. Pleshchuk.  Defendant Powell's deliberate

7     indifference is demonstrated by Powell's statement to plaintiff that Powell "doesn't work against

8     his constituents."  (ECF  No. 16 at 4.)  Liberally construed, plaintiff alleges both defendants were

9     determined to remove plaintiff from EOP, despite his demonstrated need for such mental health

10    care.  In addition to his suicide attempt, plaintiff continues to have a nervous condition that causes

11    him to shake uncontrollably and now suffers urinary incontinence.  (ECF No. 16 at 4.)

12           On the other hand, plaintiff's allegations as to Dr. Kim fail to demonstrate Dr. Kim acted

13    with a culpable state of mind for the following reasons.

14           Plaintiff references a failed overdose attempt on his part.  However, plaintiff attributes his

15    attempt to the actions and omissions of defendant Powell, and it is not clear whether plaintiff

16    attempted to overdose prior to Dr. Kim adjusting plaintiff's medications, or after.

17           Further, plaintiff alleges that Dr. Kim claimed plaintiff had not taken his medication and

18    began to change the dose and type of medications.  (ECF No. 16 at 5.)  On at least two occasions,

19    Dr. Kim denied plaintiff his mental health medications causing withdrawals, seizures, PTSD and

20    panic attacks.  Dr. Kim stopped plaintiff's Ephexor prescription for two weeks, again causing

21    withdrawals.  During plaintiff's committee meeting, Dr. Kim claimed it was a mistake and would

22    resume the medication.  (ECF No. 16 at 5.)

23           The Supreme Court established a very demanding standard for deliberate indifference;

24    and negligence is insufficient.  Farmer, 511 U.S. at 835.  It is not enough that a reasonable person

25    would have known of the risk or that a defendant should have known of the risk.  Id. at 842.

26    Rather, deliberate indifference is established only where the defendant subjectively "knows of

27    and disregards an excessive risk to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051,

28    1057 (9th Cir. 2004) (internal citation omitted).  A difference of opinion between an inmate and

1    prison medical personnel, or between medical professionals, regarding appropriate medical

2    diagnosis and treatment is also not enough to establish a deliberate indifference claim.  Sanchez v.

3    Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.  Moreover, even medical

4    malpractice or "gross negligence" does not by itself establish deliberate indifference to serious

5    medical needs.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

6         Thus, plaintiff's allegation that Dr. Kim made a mistake in discontinuing the Ephexor

7    prescription is negligence, and, without more, does not rise to the level of deliberate indifference.

8         Further, a patient is not entitled to request a prescription for a specific medication, and a

9    doctor's refusal to comply with such a request does not amount to an Eighth Amendment

10   violation.  See Arellano v. Sedighi, 2020 WL 5877832, at *18 (S.D. Cal. Oct. 1, 2020), adopting

11   report and recommendation, 2021 WL 7711170 (S.D. Cal. May 7, 2021); Tucker v. Daszko, 2017

12   WL 4340090, at *3 (E.D. Cal. Sep. 29, 2017) (citing cases).  The fact that Dr. Kim changed

13   plaintiff's medications is insufficient, standing alone, to demonstrate Dr. Kim acted with a

14   culpable state of mind.  Simply showing that a course of treatment proves to be ineffective,

15   without demonstrating that the medical professional's conduct was medically unacceptable under

16   the circumstances and chosen in conscious disregard to plaintiff's health, also does not establish a

17   claim for deliberate indifference.  Nicholson v. Finander, 2014 WL 1407828, at *9 (C.D. Cal.

18   2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976); Toguchi, 391 F.3d at 1058).

19        Based on plaintiff's current allegations, as well as his prior attempts to amend, it is unclear

20   plaintiff can allege additional facts to state a cognizable Eighth Amendment claim as to Dr. Kim.

21   However, plaintiff may elect to amend in an effort to do so.

22   Defendant Costa

23        The undersigned finds plaintiff's allegations as to Correctional Counselor Costa are too

24   vague and conclusory to determine whether plaintiff can state a cognizable civil rights claim.  In

25   claim three, plaintiff marked medical care and disciplinary proceedings, but plaintiff alleges no

26   facts tying defendant Costa to plaintiff's medical care.  Similarly, plaintiff cites to no specific

27   disciplinary proceeding and does not allege that defendant Costa was involved in any disciplinary

28   proceeding against plaintiff.

1    Rather, in claim three, plaintiff alleges the following:

> CCII Costa refused to transfer [plaintiff].  ]Plaintiff] was endorsed
> for months before [he] was physically assaulted by inmates and then
> by an officer.  Because of her supervisory level, and having seen for
> years her subordinates misuse and mistreat [plaintiff], [Costa] could
> have and should have allowed [plaintiff] to be transferred.  So during
> the committee meeting, [plaintiff] was informed that [he] had been
> endorsed to be transferred.  But because [plaintiff] had expressed fear
> for [his] life on the B yard where [he] had been stalked and beaten,
> CCII Costa demanded [plaintiff] wait on the Level IV A yard.  So
> instead of transferring [plaintiff] from administrative segregation to
> RJD, [plaintiff] was made to wait on the A yard . . . where one of the
> officers who had issued to [plaintiff] more than five rules violation
> reports which each violated  [plaintiff's] due process rights.  They
> raised [plaintiff's] security level which CCI Costa witnessed most
> and could or should have all.  The officer Gosai [was] working in the
> control booth had worked in the building [plaintiff] was transferred
> from, had sexually assaulted plaintiff, directed inmates physically to
> assault plaintiff, and now [plaintiff] was being placed in a situation
> which could easily . . . cost plaintiff [his] life.

(ECF No. 16 at 5.)[1]

Inmates do not have a constitutional right to be housed at a particular facility or institution

or to be transferred, or not transferred, from one facility or institution to another.  Olim v.

Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976);

Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  An inmate does not have a

constitutional right to any particular classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)

("[P]etitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due

process."); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citations omitted).  Nor

do inmates have a right to be housed in a particular part of a prison.  See Grayson v. Rison, 945

F.2d 1064, 1067 (9th Cir. 1991) (prisoner had "no 'justifiable expectation' of being anywhere but

in administrative detention," and his "placement was left to the discretion of prison officials.").

Furthermore, inmates have no Eighth Amendment right to be housed in a manner that avoids

confrontation.  Atiyeh v. Capps, 449 U.S. 1312, 1315-16 (1981).

---

[1]  In a separate lawsuit, plaintiff challenges Officer Gosai's actions, as well as fellow officer
Rammi.  Hicks v. Gosai, case No. 2:20-cv-2303 DJC JDP P (E.D. Cal.).  Although plaintiff
marked "disciplinary proceedings" in claim three and generally refers to rules violation reports in
the second amended complaint, plaintiff does not challenge a particular rules violation report in
his amended pleading.  (ECF No. 16, passim.)

1    Plaintiff appears to contend defendant Costa should have allowed plaintiff to be

2    transferred before plaintiff was beaten on Yard A.  But such conclusory claim, without more, is

3    insufficient.  Next, plaintiff's claim that defendant Costa refused to transfer plaintiff directly from

4    administrative segregation to RJD also fails.

5    As set forth above, plaintiff does not have a constitutional right to be transferred to a

6    particular prison.  Olim, 461 U.S. at 244-48.  Further, to state a cognizable Eighth Amendment

7    claim on a failure to protect theory, a prisoner must reasonably allege that the named defendant

8    knew of but disregarded an excessive risk to plaintiff's health or safety.  Farmer, 511 U.S. at 837.

9    There must be evidence which shows that a defendant acted with a "sufficiently culpable state of

10   mind."  Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).  "[T]he official must both be

11   aware of facts from which the inference could be drawn that a substantial risk of serious harm

12   exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  "[I]t is enough that the

13   official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at

14   842 (citations omitted).

15   Here, plaintiff alleges that defendant Costa demanded plaintiff must wait on Yard A

16   because plaintiff had expressed fear for his life if returned to B yard.  Such allegation does not

17   demonstrate that defendant Costa acted with a culpable state of mind.  Moreover, despite

18   plaintiff's concern based on the Yard A work assignments of Officer Gosai and the unidentified

19   officer who previously cited plaintiff on multiple occasions, plaintiff sets forth no specific facts

20   demonstrating that their assignment to Yard A posed a substantial risk of harm to plaintiff.

21   Indeed, while plaintiff was required to remain housed on Yard A pending transfer, he was

22   subsequently transferred to California State Prison, Los Angeles County on or before October 26,

23   2022, and despite twice amending his pleading thereafter, plaintiff alleges no further incidents on

24   Yard A.  (ECF Nos. 11, 12.)

25   In his fourth claim, plaintiff appears to contend that defendant Costa did nothing after

26   plaintiff complained that other officers were prolonging plaintiff's sentence.  However, plaintiff

27   fails to allege facts demonstrating what actions Costa could have taken given plaintiff's

28   disciplinary findings.  Plaintiff's fourth claim is too vague and conclusory to state a cognizable

6

1   civil rights claim.  Finally, to the extent plaintiff attempts to hold defendant Costa responsible for

2   the actions or omissions of Costa's subordinates, such claim fails.  Supervisory personnel are

3   generally not liable under § 1983 for the actions of their employees under a theory of respondeat

4   superior and, therefore, when a named defendant holds a supervisorial position, the causal link

5   between such defendant and the claimed constitutional violation must be specifically alleged.  See

6   Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th

7   Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the

8   involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

9   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10       While it is unclear plaintiff can amend his pleading to state a cognizable claim as to

11  defendant Costa, plaintiff is granted leave to attempt to do so.  Plaintiff is cautioned that he must

12  demonstrate any putative claim as to defendant Costa is related to plaintiff's Eighth Amendment

13  claims against defendants Powell and Dr. Pleshchuk.  Otherwise, such claim or claims must be

14  raised in a separate action.  (ECF Nos. 8 at 14-15; 15 at 5-6.)

15  Plaintiff's Options

16       If plaintiff elects to attempt to amend the complaint to state a cognizable civil rights

17  claims against defendants Dr. Kim and Costa, plaintiff has thirty days in which to do so.  Plaintiff

18  is not obligated to amend.

19       If plaintiff elects to proceed forthwith against defendants Powell and Dr. Pleshchuk,

20  against whom potentially cognizable Eighth Amendment claims for relief are stated, then within

21  thirty days plaintiff must so elect on the appended form.  In this event the court will construe

22  plaintiff's election as consent to dismissal of plaintiff's retaliation claim against defendants, and

23  the remaining claims against defendants Dr. Kim and Costa without prejudice.

24  Leave to Amend

25       Plaintiff is advised that any third amended complaint must clearly identify each defendant

26  and the action that defendant took that violated constitutional rights.  The charging allegations

27  must be set forth in the third amended complaint so defendants have fair notice of the claims

28  plaintiff is presenting.

1       Any third amended complaint must show the federal court has jurisdiction, the action is

2   brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

3   must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

4   who personally participated in a substantial way in depriving plaintiff of a federal constitutional

5   right.  Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a

6   constitutional right if he does an act, participates in another's act or omits to perform an act he is

7   legally required to do that causes the alleged deprivation).

8       A district court must construe a pro se pleading "liberally" to determine if it states a claim

9   and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an

10  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

11  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

14  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

15  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

16          A claim has facial plausibility when the plaintiff pleads factual

17  content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. The plausibility

18  standard is not akin to a "probability requirement," but it asks for
more than a sheer possibility that a defendant has acted unlawfully.

19  Where a complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between possibility and

20  plausibility of entitlement to relief.

21  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

22  can provide the framework of a complaint, they must be supported by factual allegations, and are

23  not entitled to the assumption of truth.  Id. at 1950.

24      An amended complaint must be complete in itself without reference to any prior pleading.

25  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

26  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

27  existent.'" (internal citation omitted)).  Once plaintiff files a third amended complaint, the

28  original pleading is superseded.

Finally, plaintiff is not granted leave to add new claims or new defendants to this action. Rather, plaintiff is granted leave to amend solely as to plaintiff's Eighth Amendment claims against defendant Dr. Kim, or any related Eighth Amendment claim for relief as to defendant Costa.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Eighth Amendment claims as to defendants Dr. Kim and Costa are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his pleading to attempt to state cognizable Eighth Amendment  claims against defendant Dr. Kim and defendant Costa.  Plaintiff is not required to amend his pleading.

2. The allegations in the second amended complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Powell and Dr. Pleshchuk.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Failure to comply with this order will result in a recommendation that this action will proceed solely on plaintiff's Eighth Amendment claims against defendants Powell and Dr. Pleshchuk, and the retaliation claim and plaintiff's remaining claims against defendants Dr. Kim and Costa be dismissed without prejudice.

Dated:  October 16, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robi1640.14o

9

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARYL ANTHONY HICKS,                       No.  2:22-cv-0903 KJN P

12              Plaintiff,

13        v.                                      NOTICE OF ELECTION

14    PATRICK COVELLO, et al.,

15              Defendants.

16

17

18        Plaintiff elects to proceed as follows:

19        _____      Plaintiff opts to proceed with his Eighth Amendment claims against
                       defendants Powell and Dr. Pleshchuk.
20

21        _____      Plaintiff consents to dismissal of his retaliation claim, and dismissal of his
                       putative Eighth Amendment claims against defendant Dr. Kim and
22                     defendant Costa without prejudice.

23        **OR**

24        _____      Plaintiff opts to file a third amended complaint and delay service of
                       process.
25

    DATED:
26

27                        _____
                          Plaintiff
28

                                       1