UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS, | No. 2:22-cv-0903 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On October 16, 2023, the undersigned found that plaintiff stated cognizable Eighth Amendment claims as to defendants Powell and Dr. Pleshchuk and granted plaintiff the option of pursuing his Eighth Amendment claims against such defendants or filing an amended complaint to attempt to correct the identified pleading deficiencies. Thirty days passed and plaintiff did not file the election form or file a third amended complaint. Therefore, the undersigned recommends that this action proceed solely as to plaintiff's Eighth Amendment claims against defendants Powell and Dr. Pleshchuk,[1] and the remaining claims against the remaining defendants be dismissed without prejudice.

---

[1] Defendant Powell's deliberate indifference is demonstrated by Powell's statement to plaintiff that Powell "doesn't work against his constituents." (ECF No. 16 at 4.) Liberally construed, plaintiff alleges both defendants Powell and Dr. Pleshchuk were determined to remove plaintiff from EOP, despite his demonstrated need for such mental health care. In addition to his suicide attempt, plaintiff continues to have a nervous condition that causes him to shake uncontrollably and now suffers urinary incontinence. (ECF No. 16 at 4.)

1

Claims Not Cognizable

Retaliation

In his first claim, plaintiff marked the box "retaliation."

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff does not allege that a particular defendant took an adverse action against plaintiff based on plaintiff's conduct protected under the First Amendment.  Liberally construing plaintiff's allegations contained in his second amended complaint, plaintiff fails to allege facts meeting all of the elements of a retaliation claim.  Indeed, plaintiff fails to identify any conduct protected under the First Amendment that might have triggered the alleged actions or omissions and did not address the fourth or fifth elements of a putative retaliation claim.  Plaintiff fails to state a cognizable retaliation claim.

Eighth Amendment

In his second claim, plaintiff marked the box "threat to safety."  However, the undersigned construes plaintiff's claims as alleging that defendants Powell, Dr. Pleschuk and Dr. Kim were deliberately indifferent to plaintiff's serious mental health needs.

To state a viable claim of deliberate indifference to a serious medical need, a plaintiff must show that (1) a serious medical need exists, and (2) defendant's response was deliberately indifferent.  Serious medical need can be shown by demonstrating that a failure to treat a prisoner could result in significant injury or worsening pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  A deliberately indifferent response can be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need coupled with harm caused by that indifference.  Id.

2

1  Moreover, in order to state a § 1983 claim, a plaintiff must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's allegations as to Dr. Kim fail to demonstrate Dr. Kim acted with a culpable state of mind for the following reasons.

Plaintiff references a failed overdose attempt on his part. However, plaintiff attributes his attempt to the actions and omissions of defendant Powell, and it is not clear whether plaintiff attempted to overdose prior to Dr. Kim adjusting plaintiff's medications, or after.

Further, plaintiff alleges that Dr. Kim claimed plaintiff had not taken his medication and began to change the dose and type of medications. (ECF No. 16 at 5.) On at least two occasions, Dr. Kim denied plaintiff his mental health medications causing withdrawals, seizures, PTSD and panic attacks. Dr. Kim stopped plaintiff's Ephexor prescription for two weeks, again causing withdrawals. During plaintiff's committee meeting, Dr. Kim claimed it was a mistake and would resume the medication. (ECF No. 16 at 5.)

The Supreme Court established a very demanding standard for deliberate indifference; and negligence is insufficient. Farmer v. Brennan, 511 U.S. 825, 835 (1994). It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). A difference of opinion between an inmate and prison medical personnel, or between medical professionals, regarding appropriate medical diagnosis and treatment is also not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Moreover, even medical malpractice or "gross negligence" does not by itself establish deliberate indifference to serious medical needs. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

////

Thus, plaintiff's allegation that Dr. Kim made a mistake in discontinuing the Ephexor prescription is negligence, and, without more, does not rise to the level of deliberate indifference.

Further, a patient is not entitled to request a prescription for a specific medication, and a doctor's refusal to comply with such a request does not amount to an Eighth Amendment violation.  See Arellano v. Sedighi, 2020 WL 5877832, at *18 (S.D. Cal. Oct. 1, 2020), adopting report and recommendation, 2021 WL 7711170 (S.D. Cal. May 7, 2021); Tucker v. Daszko, 2017 WL 4340090, at *3 (E.D. Cal. Sep. 29, 2017) (citing cases).  The fact that Dr. Kim changed plaintiff's medications is insufficient, standing alone, to demonstrate Dr. Kim acted with a culpable state of mind.  Simply showing that a course of treatment proves to be ineffective, without demonstrating that the medical professional's conduct was medically unacceptable under the circumstances and chosen in conscious disregard to plaintiff's health, also does not establish a claim for deliberate indifference.  Nicholson v. Finander, 2014 WL 1407828, at *9 (C.D. Cal. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976); Toguchi, 391 F.3d at 1058).

Absent facts not alleged, plaintiff fails to state a cognizable claim as to Dr. Kim.

Defendant Costa

Plaintiff's allegations as to Correctional Counselor Costa are too vague and conclusory to determine whether plaintiff can state a cognizable claim.  In claim three, plaintiff marked medical care and disciplinary proceedings, but plaintiff alleges no facts tying defendant Costa to plaintiff's medical care.  Similarly, plaintiff cites to no specific disciplinary proceeding and does not allege that defendant Costa was involved in any disciplinary proceeding against plaintiff.

Rather, in claim three, plaintiff alleges the following:

> CCII Costa refused to transfer [plaintiff].  [Plaintiff] was endorsed for months before [he] was physically assaulted by inmates and then by an officer.  Because of her supervisory level, and having seen for years her subordinates misuse and mistreat [plaintiff], [Costa] could have and should have allowed [plaintiff] to be transferred.  So during the committee meeting, [plaintiff] was informed that [he] had been endorsed to be transferred.  But because [plaintiff] had expressed fear for [his] life on the B yard where [he] had been stalked and beaten, CCII Costa demanded [plaintiff] wait on the Level IV A yard.  So instead of transferring [plaintiff] from administrative segregation to RJD, [plaintiff] was made to wait on the A yard . . . where one of the officers who had issued to [plaintiff] more than five rules violation reports which each violated [plaintiff's] due process rights.  They

> raised [plaintiff's] security level which CCI Costa witnessed most and could or should have all. The officer Gosai [was] working in the control booth had worked in the building [plaintiff] was transferred from, had sexually assaulted plaintiff, directed inmates physically to assault plaintiff, and now [plaintiff] was being placed in a situation which could easily . . . cost plaintiff [his] life.

(ECF No. 16 at 5.)[2]

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). An inmate does not have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("[P]etitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citations omitted). Nor do inmates have a right to be housed in a particular part of a prison. See Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (prisoner had "no 'justifiable expectation' of being anywhere but in administrative detention," and his "placement was left to the discretion of prison officials.").

Plaintiff appears to contend Costa should have allowed plaintiff to be transferred before plaintiff was beaten on Yard A. But such conclusory claim, without more, is insufficient.

Next, plaintiff's claim that defendant Costa refused to transfer plaintiff directly from administrative segregation to RJD also fails. As set forth above, plaintiff does not have a constitutional right to be transferred to a particular prison. Olim, 461 U.S. at 244-48. Further, to state a cognizable Eighth Amendment claim on a failure to protect theory, a prisoner must reasonably allege that the named defendant knew of but disregarded an excessive risk to plaintiff's health or safety. Farmer, 511 U.S. at 837. Plaintiff must allege facts showing that a defendant acted with a "sufficiently culpable state of mind." Hearns v. Terhune, 413 F.3d 1036,

---

[2] In a separate lawsuit, plaintiff challenges Officer Gosai's actions, as well as fellow officer Rammi. Hicks v. Gosai, case No. 2:20-cv-2303 DJC JDP P (E.D. Cal.). Although plaintiff marked "disciplinary proceedings" in claim three and generally refers to rules violation reports in the second amended complaint, plaintiff does not challenge a particular rules violation report in his amended pleading. (ECF No. 16, passim.)

1042 (9th Cir. 2005).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842 (citations omitted).

Here, plaintiff alleges that defendant Costa demanded plaintiff must wait on Yard A because plaintiff had expressed fear for his life if returned to B yard.  Such allegation does not demonstrate that defendant Costa acted with a culpable state of mind.  Moreover, despite plaintiff's concern based on the Yard A work assignments of Officer Gosai and the unidentified officer who previously cited plaintiff on multiple occasions, plaintiff sets forth no specific facts demonstrating that the assignment to Yard A posed a substantial risk of harm to plaintiff.  Indeed, while plaintiff was required to remain housed on Yard A pending transfer, he was subsequently transferred to California State Prison, Los Angeles County on or before October 26, 2022, and despite twice amending his pleading thereafter, plaintiff alleges no further incidents on Yard A. (ECF Nos. 11, 12.)

In his fourth claim, plaintiff appears to contend that defendant Costa did nothing after plaintiff complained that other officers were prolonging plaintiff's sentence.  But plaintiff fails to allege facts demonstrating what actions Costa could have taken given plaintiff's disciplinary findings.  As such, plaintiff's fourth claim is too vague and conclusory to state a cognizable claim.  Finally, to the extent plaintiff attempts to hold defendant Costa responsible for the actions or omissions of Costa's subordinates, such claim fails.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

Plaintiff's second amended complaint fails to state a cognizable claim as to defendant Costa.

Conclusion

In light of plaintiff's failure to amend or otherwise respond to the order (ECF No. 18), the undersigned recommends that this action proceed as to plaintiff's Eighth Amendment claims against defendants Powell and Dr. Pleshchuk, and the remaining claims and defendants be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. This action proceed solely as to plaintiff's Eighth Amendment claims against defendants Powell and Dr. Pleshchuk;[3]

2. The remaining claims and defendants Dr. Kim and Costa be dismissed without prejudice; and

3. This matter be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

////

////

////

////

---

[3] Defendant Powell's deliberate indifference is demonstrated by Powell's statement to plaintiff that Powell "doesn't work against his constituents."  (ECF No. 16 at 4.)  Liberally construed, plaintiff alleges both defendants were determined to remove plaintiff from EOP, despite his demonstrated need for such mental health care.  In addition to his suicide attempt, plaintiff continues to have a nervous condition that causes him to shake uncontrollably and now suffers urinary incontinence.  (ECF No. 16 at 4.)

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hick0903.56