IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARYL HICKS,** | Case No. 2:22-cv-0903 TLN CSK P |
| Plaintiff, | **ORDER GRANTING DEFENDANT PLESHCHUK'S MOTION FOR ORDER VACATING OUTSTANDING CASE DEADLINES** |
| v. | |
| **PLESHCHUK, et al.,** | |

Plaintiff is a state prisoner proceeding pro se. Defendant Pleshchuk's third motion for modification of the discovery and scheduling order is before the Court.[1] As discussed below, defendant Pleshchuk's motion is granted.

I.  BACKGROUND

This action proceeds on plaintiff's second amended complaint against defendants Pleshchuk and Powell, alleging that each defendant was deliberately indifferent to plaintiff's serious mental health needs in violation of the Eighth Amendment.

---

[1] Though defendant Pleshchuk described this motion as an "ex parte" request, it is not made ex parte as this motion was mailed to plaintiff at his last known address of record. In addition, on January 21, 2025, defendant Powell, who is represented by separate counsel, was notified of this motion by email to Powell's attorneys. (ECF No. 52 at 2.) Defendant Powell's counsel informed counsel for defendant Pleshchuk that defendant Powell does not oppose and agrees with defendant Pleshchuk's motion. (Id.)

1    On July 16, 2024, the Court issued a discovery and scheduling order, setting the discovery
2 deadline for November 22, 2024, and the pretrial motions deadline for February 28, 2025. (ECF
3 No. 39.) On October 31, 2024, the Court granted defendant Pleshchuk's first motion for limited
4 modification of the discovery and scheduling order, and extended the deadlines to (1) serve
5 deposition notices to December 23, 2024; (2) complete depositions to January 6, 2025; and
6 (3) file motions to compel to January 6, 2025. (ECF No. 41.)

7    On November 21, 2024, counsel for defendant Powell filed a motion to compel discovery
8 responses alleging that plaintiff failed to timely respond to two sets of written discovery served on
9 plaintiff on August 8, 2024, and also did not return signed authorization forms to obtain plaintiff's
10 inmate files sent to plaintiff on October 18, 2024. (ECF No. 42-1 at 1.) Plaintiff filed an
11 opposition on December 30, 2024, and defendant Powell filed a reply on January 8, 2025. (ECF
12 Nos. 49, 50.)

13    On January 24, 2025, defendant Pleshchuk filed a motion to compel discovery, and the
14 third motion to modify the scheduling order. (ECF Nos. 51, 52.)

## II.   DEFENDANT PLESHCHUK'S THIRD MOTION

Defendant Pleshchuk seeks to vacate the scheduling order deadlines in light of plaintiff's January 5, 2025 release from prison, his failure to provide a current address, and his failure to properly respond to the written discovery requests. Counsel for defendant Pleshchuk mailed a copy of the third motion to plaintiff at his last known address. To date, plaintiff has not responded to the motion. In addition, defendant Pleshchuk points out that defendant Powell's motion to compel discovery responses is also pending.

### A.   Standards Governing Modifications to Scheduling Orders

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

### B. Discussion

The Court finds defendant Pleshchuk has shown good cause to vacate the pending scheduling deadlines. Therefore, defendant Pleshchuk's motion is granted. The Court vacates the outstanding deadlines set by the Court's July 16, 2024 Discovery and Scheduling Order as modified by the Court's October 30, 2024 and December 16, 2024 orders granting Dr. Pleshchuk's prior ex parte applications. (ECF Nos. 39, 41, 47.) Specifically, the following deadlines are vacated: the February 6, 2025 deadline to serve deposition notices, the February 20, 2025 deadline to complete depositions and to file motions to compel discovery responses, and the April 28, 2025 deadline to file pretrial motions. Such deadlines will be reset, if appropriate, following resolution of the pending discovery motions.

Plaintiff is directed to file a notice of change of address within thirty days from the date of this order.

### C. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Pleshchuk's motion to vacate outstanding case deadlines (ECF No. 52) is granted.
2. The Court vacates the outstanding deadlines set by the Court's July 16, 2024 Discovery and Scheduling Order (ECF No. 39), as modified by the Court's October 30, 2024 and December 16, 2024 orders (ECF Nos. 41, 47). Specifically, the following deadlines are vacated: the February 6, 2025 deadline to serve deposition notices, the February 20, 2025 deadline to complete depositions and to file motions to compel discovery responses, and the April 28, 2025 deadline to file pretrial motions.
3. Plaintiff shall file a notice of change of address within thirty days from the date of this order.

Dated: February 4, 2025

/1/hick0903.16b3

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE