UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLESHCHUK, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-0903 TLN CSK P<br><br><br>ORDER TO SHOW CAUSE |

On March 10, 2025, plaintiff was granted thirty days to oppose two motions filed by defendant Pleshchuk, and to provide a current application to proceed in forma pauperis. (ECF No. 58.) Thirty days have now passed, and plaintiff has not filed an opposition to either motion or filed the required application. As discussed below, plaintiff is ordered to show cause why this action should not be dismissed.

I.   BACKGROUND

On July 16, 2024, the Court issued its discovery and scheduling order. (ECF No. 39.) The parties were cautioned that failure to keep the Court informed of a change of address may result in the imposition of sanctions including dismissal of the action. (Id. at 6.) In addition, the parties were informed that motions were to be briefed under Local Rule 230(l). (Id.) Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a

///

1

statement of no opposition may be deemed a waiver of any opposition to the granting of the motion, and may result in the imposition of sanctions." Local Rule 230(l).

On January 24, 2025, defendant Pleshchuk filed a motion to compel responses to written discovery requests. (ECF No. 51.) Plaintiff did not file an opposition; instead, on February 28, 2025, plaintiff filed a motion for extension of time to oppose the motion to compel discovery. (ECF No. 57.) On February 27, 2025, defendant Pleshchuk filed a motion to revoke plaintiff's in forma pauperis status. (ECF No. 56.) On March 10, 2025, plaintiff was granted an additional thirty days to oppose both motions and to provide a current application to proceed in forma pauperis. (ECF No. 58.)

Plaintiff's copy of the March 10, 2025 was returned as undeliverable by the post office on April 4, 2025. No change of address or other response has been filed by plaintiff.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Although it appears from the file that plaintiff's copy of the March 10, 2025 order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Good cause appearing, IT IS HEREBY ORDERED that, within twenty-one days from the date of this order, plaintiff shall show cause why this action should not be dismissed for lack of prosecution. Failure to respond to this order will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply

///

///

2

1  with these rules and a court order.  Said failure shall result in a recommendation that this action
2  be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

4  Dated:  April 18, 2025

   CHI SOO KIM
   UNITED STATES MAGISTRATE JUDGE

7  /1/hick0903.nop