UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS, | No. 2:22-cv-0903 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| PLESHCHUK, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel.

I.  BACKGROUND

This action proceeds on plaintiff's second amended complaint against defendants Pleshchuk and Powell, alleging that each defendant was deliberately indifferent to plaintiff's serious mental health needs in violation of the Eighth Amendment.

On July 16, 2024, the Court issued a discovery and scheduling order, setting the discovery deadline for November 22, 2024, and the pretrial motions deadline for February 28, 2025. (ECF No. 39.)  On October 31, 2024, the Court granted defendant Pleshchuk's first motion for limited modification of the discovery and scheduling order, and extended the deadlines to (1) serve deposition notices to December 23, 2024; (2) complete depositions to January 6, 2025; and (3) file motions to compel to January 6, 2025.  (ECF No. 41.)

1

1    On November 21, 2024, counsel for defendant Powell filed a motion to compel discovery responses alleging that plaintiff failed to timely respond to two sets of written discovery served on plaintiff on August 8, 2024, and also did not return signed authorization forms to obtain plaintiff's inmate files sent to plaintiff on October 18, 2024.  (ECF No. 42-1 at 1.)  Plaintiff filed an opposition on December 30, 2024, and defendant Powell filed a reply on January 8, 2025. (ECF Nos. 49, 50.)

On December 16, 2024, the Court granted defendant Pleshchuk's second motion to modify the scheduling order, extending the deadline to serve deposition notices to February 6, 2025, and the deadline to file motions to compel to February 20, 2025.  (ECF No. 47.)  The pretrial motions deadline was extended to April 28, 2025.  (Id.)

On January 24, 2025, defendant Pleshchuk filed a motion to compel discovery after defendant had granted plaintiff multiple extensions of time to comply with the written discovery requests.  (ECF No. 52 at 2.)  Both defendants needed to review written discovery responses before deposing plaintiff.  (See ECF No. 46 at 5, 10; 52 at 8.)  On January 24, 2025, defendant Pleshchuk also filed a motion to modify the scheduling order.  (ECF No. 52.)  On February 4, 2025, the Court granted the third motion to modify the scheduling order, and the Court vacated all pending deadlines and directed plaintiff to file a change of address within thirty days.  (ECF No. 53.)

On February 27, 2025, defendant Pleshchuk filed a motion to revoke plaintiff's in forma pauperis status in light of plaintiff's release from state prison.  (ECF No. 56.)  On March 10, 2025, the Court granted plaintiff's February 28, 2025 motion for extension of time, and plaintiff was ordered to file, within thirty days, an opposition to defendant Pleshchuk's motion to compel discovery and motion to revoke, and a current application to proceed in forma pauperis.  (ECF No. 58.)  Plaintiff's copy of the order was returned as undeliverable.  On April 21, 2025, the Court ordered plaintiff to show cause, within 21 days, why this action should not be dismissed for lack of prosecution.  (ECF No. 59.)

On April 21, 2025, plaintiff filed a notice of change of address and a motion to appoint counsel, which was entered on the Court's docket on April 22, 2025.  (ECF No. 60.)  Plaintiff

1  paroled from state prison on January 5, 2025. (ECF No. 60 at 1.) Plaintiff was "homeless for
2  many days" until he was provided housing at a halfway house in Buena Park, California. (ECF
3  No. 60 at 1.) On February 10, 2025, plaintiff was kicked out of the halfway house. (Id.) On
4  February 17, 2025, while checking in with his parole officer, plaintiff was arrested for not
5  reporting as homeless. (Id.) Plaintiff was released from Jail on March 5, 2025, and was again
6  homeless for a few days. (Id.) A few days after his release from jail, plaintiff was again provided
7  housing at a halfway house, but this time in Orange, California. (Id.) Plaintiff states he suffers
8  from extreme depression and severe anxiety, and while he was in prison, he was in the Enhanced
9  Outpatient Program. (Id.) Plaintiff claims his mental health is unstable and he is in "dire need of
10 legal representation." (Id.)

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). But without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to many prisoners, former and current, such as lack of legal education and mental health issues, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

At this juncture, the Court is unable to determine plaintiff's likelihood of success on the merits of his Eighth Amendment claims. Moreover, the record reflects that plaintiff is able to articulate his claims, which involve discrete issues of whether either defendant was deliberately

indifferent to plaintiff's serious mental health needs. (ECF No. 16 at 4.) Having considered the factors under Palmer, the Court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion is denied without prejudice.

III.     MOTION TO REVOKE

Defendant Pleshchuk moved to revoke plaintiff's in forma pauperis status since he is no longer a prisoner, and require him to pay the remainder of the filing fee before proceeding with this action. (ECF No. 56 at 5.) However, according to the Court's Financial Department, plaintiff has paid the $350.00 filing fee in full. Therefore, defendant's motion is denied as moot.

III.     OUTSTANDING ISSUES

In light of plaintiff's April 21, 2025 filing, the order to show cause is discharged. Considering plaintiff's subsequent periods of homelessness, it is unclear whether plaintiff has retained his files relevant to this action. Nevertheless, as a pro se litigant, plaintiff is required to diligently prosecute this action. As a one-time courtesy, the Court will direct the Clerk's Office to provide a copy of defendant Pleshchuk's motion to compel discovery responses. Plaintiff is granted one final extension of time to file an opposition to defendant Pleshchuk's motion to compel discovery responses. The Court is not inclined to further extend this deadline. Plaintiff is cautioned that failure to oppose the motion may result in an order granting the motion.

Once the Court has addressed the pending discovery motions, the Court will issue a final revised scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 60) is denied without prejudice.

2. Defendant Pleshchuk's motion to revoke plaintiff's in forma pauperis status (ECF No. 56) is denied as moot.

3. The order to show cause (ECF No. 59) is discharged.

4. Plaintiff is granted 30 days from the date of this order in which to file an opposition to defendant Pleshchuk's motion to compel discovery responses (ECF No. 51). Failure to oppose

1  the motion may result in an order granting the motion to compel discovery responses.

2      5. The Clerk of the Court is directed to send plaintiff a copy of the Court's docket,
3  including the first page that lists counsel and their addresses and phone numbers, and a copy of
4  defendant Pleshchuk's motion to compel discovery responses (ECF No. 51).

6  Dated: May 5, 2025

                                                                                                      *[signature]*
                                                                      CHI SOO KIM
                                                                      UNITED STATES MAGISTRATE JUDGE

9  /1/hick0903.31+