UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLESHCHUK, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0903 TLN CSK P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se.  Defendant Powell's fully briefed motion to compel discovery responses is before the Court.  (ECF No. 42.)  As discussed below, defendant's motion is granted.

I.　　PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's second amended complaint against defendants Pleshchuk and Powell, alleging that each defendant was deliberately indifferent to plaintiff's serious mental health needs in violation of the Eighth Amendment.

II.　　BACKGROUND

On November 21, 2024, counsel for defendant Powell filed a motion to compel discovery responses alleging that plaintiff failed to timely respond to two sets of written discovery served on

///

///

1

plaintiff on August 8, 2024.[1]  (ECF No. 42-1 at 1.)  Plaintiff filed an opposition on December 30, 2024, and defendant Powell filed a reply on January 8, 2025.  (ECF Nos. 49, 50.)

III.   MOTION TO COMPEL

A. The Parties' Positions

Defendant Powell seeks to compel responses to defendant Powell's Special Interrogatories, Set One, and Request for Production of Documents, Set One, both served on plaintiff on August 8, 2024.  (ECF No. 42-1 at 2.)  Plaintiff did not respond to any of these discovery requests.  (Id.)

In his opposition, signed December 22, 2024, plaintiff claims he served responses to defendant Powell's request for admissions on November 4, 2024.  (ECF No. 49 at 2.)  Plaintiff states he mailed a meet and confer letter to counsel on November 18, 2024, requesting an extension of time until December 31, 2024, to respond to the discovery because plaintiff had twice requested Olson reviews[2] for offender records and health records, but no review had yet been scheduled.  (Id. at 3.)  Plaintiff asks the Court to deny the motion to compel "as unreasonable, premature and in bad faith."  (Id.)  Plaintiff claims his request for 45 day extension of time to December 31, 2024 "is reasonable and made in good faith under the circumstances."  (Id.)

Defendant Powell replies that plaintiff's opposition is untimely and should be denied.  (ECF No. 50 at 1.)  Further, defendant argues that plaintiff's opposition, which includes conclusory and irrelevant arguments, fails to include any facts or information that would excuse or justify plaintiff's failure to respond to defendant's discovery requests.  (Id. at 2.)  Specifically, defendant contends plaintiff's argument concerning the request for admissions is not relevant because defendant did not move to compel responses to the request for admissions.  (ECF No. 50

---

[1] In his reply, defendant Powell withdrew the motion to compel plaintiff to provide the signed Authorization for Release of plaintiff's Offender Central File and the signed Release of Protected Health Information, both served on plaintiff on October 18, 2024.  (ECF No. 50 at 1 n.1, 2.)  Therefore, this issue is not addressed here.

[2] An Olson review refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson (1974) 37 Cal. App. 3d 783, 112 Cal. Rptr. 579.

2

at 2.) As to plaintiff's failure to respond to defendant Powell's Special Interrogatories and Request for Production of Documents, defendant argues that over five months have elapsed, and plaintiff has still not responded. Defendant Powell contends that plaintiff's belated request for extension of time should be denied because he has not responded to the outstanding discovery requests.

B. Governing Rules

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Unless the court orders otherwise, to serve a party that is represented by an attorney, service must be made to the attorney. See Fed. R. Civ. P. 5(b)(1) and (b)(2)(A)-(F).

C. Discussion

First, defendant is correct that plaintiff's opposition is untimely. Under Local Rule 230(l), plaintiff was required to file his opposition 21 days after defendant Powell served the motion to compel discovery responses. L.R. 230(l). The motion to compel discovery responses was served on November 21, 2024; thus, plaintiff's opposition was due on or before December 12, 2024. Although plaintiff's proof of service is dated December 15, 2024, plaintiff signed the opposition on December 22, 2024. (ECF No. 49 at 4, 5.) Plaintiff could not have signed the opposition after he mailed it. Thus, the Court considers December 22, 2024 as the filed date under the mailbox rule.[3] Plaintiff's opposition was untimely because it was filed 11 days after the deadline.

---

[3] Under the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prison delivered it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). When a pro se prisoner gives prison authorities a pleading to mail to court, the court may deem the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

1  However, because plaintiff is a prisoner proceeding pro se, the Court will consider his untimely
2  opposition.
3      Second, defendants are correct that plaintiff's argument concerning the request for
4  admissions is not relevant to the instant motion to compel discovery responses.
5      Third, plaintiff claims he sent a meet and confer letter to counsel on November 18, 2024,
6  requesting a 45 day extension of time to respond based on his inability to obtain an Olson review.
7  (ECF No. 49 at 2.) But the outstanding discovery requests were propounded to plaintiff on
8  August 8, 2024. Plaintiff provides no explanation for his three month delay in seeking such
9  extension. In addition, plaintiff did not provide a copy of the letter he sent counsel, and did not
10 provide a copy of his two requests for Olson reviews. Plaintiff does not set forth any other steps
11 he took to inquire why the Olson requests were not granted, or to demonstrate his diligence in
12 obtaining the discovery responses. In addition, some of the discovery requests sought
13 information that should be known to plaintiff because he brought this lawsuit against defendant
14 Powell. For example, some interrogatories sought "all facts" plaintiff contends support the
15 allegations in Claims 1 and 2, any injuries plaintiff contends defendant Powell's actions caused,
16 facts supporting plaintiff's claims for damages and what steps plaintiff took, if any, to mitigate his
17 damages. (ECF No. 43 at 4-6.) Answering such interrogatories would not require review of
18 plaintiff's offender records or CDCR health records. Similarly, documents responsive to
19 defendant Powell's requests Nos. 9 and 10, seeking documents plaintiff has sent or received
20 would also not be in plaintiff's offender or health records. (ECF No. 43 at 12.) Plaintiff was
21 required to make a good faith effort to respond to the discovery requests, but fails to demonstrate
22 he took such efforts. In addition, plaintiff failed to articulate any specific, legally valid objection
23 to a particular discovery request, and wholly failed to respond to the discovery sought. Therefore,
24 defendant Powell's motion to compel discovery responses is granted. Within thirty days from the
25 date of this order, plaintiff shall provide responses to defendant Powell's Special Interrogatories,
26 Set One, and Request for Production of Documents, Set One, without objection.
27     Finally, plaintiff is cautioned that he is required to cooperate in discovery. Failure to
28 cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a

recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Powell's motion to compel discovery responses (ECF No. 42) is granted; and

2. Within thirty days from the date of this order, plaintiff shall serve plaintiff's responses to defendant Powell's Special Interrogatories, Set One, and Request for Production of Documents, Set One, without objection. Failure to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed.

Dated:  May 23, 2025

/1/hick0903.mtc.42

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE