1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARYL HICKS,                                No.  2:22-cv-0903 TLN CSK P

12                  Plaintiff,

13          v.                                   ORDER

14   PLESHCHUK, et al.,

15                  Defendants.

16

17          Plaintiff is a former state prisoner proceeding pro se.  Defendant Pleshchuk's motion to

18   compel discovery responses is before the Court.  (ECF No. 51.)  As discussed below, defendant

19   Pleshchuk's motion is granted.

20   I.     PLAINTIFF'S ALLEGATIONS

21          This action proceeds on plaintiff's second amended complaint against defendants

22   Pleshchuk and Powell, alleging that each defendant was deliberately indifferent to plaintiff's

23   serious mental health needs in violation of the Eighth Amendment.  (ECF No. 16.)

24   II.    BACKGROUND

25          On January 24, 2025, counsel for defendant Pleshchuk filed a motion to compel discovery

26   responses to written discovery requests served on plaintiff on July 22, 2024.  (ECF No. 51.)

27   Plaintiff did not file an opposition.

28   ///

                                                  1

Following plaintiff's parole, plaintiff sought an extension of time.  (ECF No. 57.)  On March 10, 2025, plaintiff was granted an additional thirty days in which to oppose defendant Pleshchuk's motion to compel.  (ECF No. 58.)  Following further changes of address, on May 5, 2025, plaintiff was granted another thirty days in which to oppose defendant Pleshchuk's motion to compel.  (ECF No. 61.)  More than thirty days have passed since the last extension of time, and plaintiff has not filed an opposition to defendant Pleshchuk's motion to compel.

III.    MOTION TO COMPEL

A.    The Parties' Positions

Defendant Pleshchuk seeks to compel responses to defendant Pleshchuk's First Set of Requests for Production of Documents ("RPDs"), served on plaintiff on July 22, 2024.  (ECF No. 51 at 1.)  Plaintiff did not respond to any of the RPDs.  (Id.)  Defendant Pleshchuk also seeks to compel further responses to defendant Pleshchuk's First Set of Interrogatories, also served on July 22, 2024, and for which defendant Pleshchuk contends plaintiff failed to provide adequate responses.  (Id.)

Despite multiple extensions of time, plaintiff failed to oppose or address defendant Pleshchuk's motion.

B.    Governing Rules

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  Unless the court orders otherwise, to serve a party that is represented by an attorney, service must be made to the attorney.  See Fed. R. Civ. P. 5(b)(1) and (b)(2)(A)-(F).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery

1    has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

2    explaining or supporting its objections." <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal.

3    May 14, 2009) (citations omitted).

4        "It is well established that a failure to object to discovery requests within the time required

5    constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d

6    1468, 1473 (9th Cir. 1992) (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981)).

7        C. <u>Requests for Production of Documents</u>

8        Review of the fifteen RPDs demonstrates that defendant Pleshchuk seeks documents

9    relevant to plaintiff's claims and defendant's defenses, and are proportional to the needs of this

10    case, as required under Rule 26(b)(1). (ECF No. 51 at 17-21.) Specifically, defendant seeks

11    documents relating to the alleged deliberate indifference to plaintiff's mental health care by both

12    defendants Pleshchuk and Powell; other alleged misconduct by defendant Powell and defendant

13    Pleshchuk's alleged ability and obligation to address such misconduct; what provisions of law or

14    practice that plaintiff contends defendant Pleshchuk violated; the alleged exhaustion of

15    administrative remedies; and plaintiff's alleged injuries and damages. (<u>Id.</u>) Based on plaintiff's

16    complete failure to respond to defendant Pleshchuk's RPDs, the Court grants defendant

17    Pleshchuk's motion to compel. Plaintiff initiated this lawsuit and is obligated to comply with the

18    Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's

19    discovery requests to the best of plaintiff's ability. Plaintiff's complete failure to respond to

20    defendant Pleshchuk's RPDs and his failure to oppose defendant's motion to compel means

21    plaintiff has waived any objection to the RPDs and plaintiff is ordered to respond to the RPDs

22    without objection. "While extensive research is not required, a reasonable effort to respond must

23    be made." <u>Witkin v. Wagner</u>, 2021 WL 4263063, at *2 (E.D. Cal. Sept. 20, 2021). Plaintiff shall

24    produce the requested documents within thirty days from the date of this order.

25        D. <u>Interrogatories</u>

26        First, as argued by defendants, plaintiff failed to sign the responses he provided, and failed

27    to verify that his responses were made under oath. (ECF No. 51 at 52-71.) Plaintiff must provide

28    verification that the responses he provided, as well as future responses, are signed under oath. In

3

1  other words, plaintiff must sign all responses under penalty of perjury.  See Fed. R. Civ. P. Rule

2  33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and

3  fully in writing and under oath.").

4           Second, review of the twenty interrogatories demonstrates that defendant Pleshchuk seeks

5  relevant and proportional information as required under Rule 26(b)(1).  (ECF No. 51 at 52-71.)

6  Defendant Pleshchuk inquired into plaintiff's claims and the factual basis for his allegations that

7  defendant Pleshchuk was deliberately indifferent to plaintiff's mental health needs, and that

8  defendant Powell committed additional misconduct; the provisions of law and practice plaintiff

9  contends defendant Pleshchuk violated; plaintiff's alleged injuries and damages; the exhaustion of

10  administrative remedies in connection with plaintiff's claims; and the evidence and witnesses

11  plaintiff contends support his case.  (Id.)

12          Third, plaintiff only objected to Interrogatory No. 20:

13                 Interrogatory No. 20:  For each PERSON that YOU identify in
                  response to Interrogatory No. 18, describe with particularity all
14                 COMMUNICATIONS that YOU have had with that PERSON
                  regarding the bases for YOUR claims as alleged in YOUR Second
15                 Amended Complaint.

16                 Response:  Objection.  Vague and Overbroad.

17  (ECF No. 51 at 71.)  Interrogatory No. 18 asked plaintiff to identify all persons having any

18  information supporting plaintiff's allegations concerning defendants in his second amended

19  complaint.  (Id. at 69.)  Plaintiff did not specifically respond to Interrogatory No. 18, referring the

20  reader to his response to No. 1 (discussed below).

21          The Court overrules plaintiff's objection to Interrogatory No. 20.  As argued by defendant

22  Pleshchuk, defendant is entitled to discover information relevant to plaintiff's allegations.  (Id. at

23  9.)  The interrogatory is not vague or overbroad because it seeks communications related to

24  plaintiff's allegations in his second amended complaint.  Defendant Pleshchuk is entitled to seek

25  plaintiff's description of all communications he has had regarding his claims against defendant

26  Pleshchuk.  "This information is relevant to allow [defendant] to prepare to defend against

27  plaintiff's claims."  Lear v. Sahota, 2020 WL 6742744, at *3 (E.D. Cal. Nov. 17, 2020).

28  ///

1    Fourth, only two other interrogatory responses include specific responses by plaintiff:

2    <u>Interrogatory No. 1:</u>  State all facts upon which YOUR claim against
     DEFENDANT Pleshchuk as alleged in YOUR Second Amended
3    Complaint is based.

4    Response:   Plaintiff Hicks's CDCR inmate central file and his
     CDCR/DSH inmate health records are readily available to
5    defendants and their counsel.  Please refer to them and the SAC, at
     this time.
6

7    (ECF No. 51 at 52.)

8    <u>Interrogatory No. 9:</u>  Identify all inmate appeals and/or grievances
     that YOU contend exhausted administrative remedies with respect to
9    YOUR claims against DEFENDANTS.

10    Response:  See Hicks's <u>ICF</u> & <u>IHR</u>.

11    (<u>Id.</u> at 60.)

12    Plaintiff's responses to Nos. 1 and 9 are inadequate because "[d]efendant is not required to

13    rummage through . . . plaintiff's medical records to determine which facts might support

14    plaintiff's claims."  <u>Maldonado v. Alfaro</u>, 2016 WL 7324707, at *1 (E.D. Cal. Dec. 15, 2016).

15    Instead, plaintiff is required to respond to each interrogatory fully, without referring to other

16    documents.  <u>See</u> Fed. R. Civ. P. 33(b)(3); <u>Maldonado</u>, 2016 WL 7324707, at *1.

17    Fifth, the remainder of plaintiff's responses to Interrogatories Nos. 2-8 and 10-19 simply

18    refer the reader to plaintiff's insufficient responses to Interrogatories Nos. 1 or 9.  Plaintiff is

19    required to respond to each interrogatory fully and separately, without reference to other

20    documents.  Fed. R. Civ. P. 33(b)(3).  Thus, plaintiff's responses to Interrogatories Nos. 2-8 and

21    10-19 are insufficient and further responses are required.

22    D.  <u>Conclusion</u>

23    Defendant Pleshchuk's motion to compel discovery responses is granted.  Within thirty

24    days from the date of this order, plaintiff shall provide responses to defendant Pleshchuk's First

25    Set of Requests for Production of Documents, without objection.  Plaintiff shall provide

26    verification that his previous responses to defendant Pleshchuk's First Set of Interrogatories were

27    signed under oath, and he shall sign under oath his further responses to defendant Pleshchuk's

28    First Set of Interrogatories, as required by this order.  Finally, plaintiff shall provide further

5

responses to defendant Pleshchuk's First Set of Interrogatories, Nos. 1-19, without objection, and he shall provide a further response to Interrogatory No. 20 without further objection.

In addition, plaintiff is cautioned that he is required to cooperate in discovery. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents). Defendant Pleshchuk may move to be dismissed from this action pursuant to Rule 41(b) if plaintiff fails to comply with this court order.

IV.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Pleshchuk's motion to compel discovery responses (ECF No. 51) is granted; and

2. Within thirty days from the date of this order, plaintiff shall (a) serve plaintiff's responses to defendant Pleshchuk's First Set of Requests for Production of Documents, without objection; (b) serve further responses to defendant Pleshchuk's First Set of Interrogatories, without objections to Nos. 1-19, and without further objection to No. 20, and sign these further responses under penalty of perjury; and (c) serve a verification attesting that plaintiff's prior responses to defendant Pleshchuk's First Set of Interrogatories were signed under penalty of perjury. Failure to comply with this order may result in the imposition of sanctions, including a recommendation that defendant Pleshchuk be dismissed from this action.

Dated: June 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hick0903.mtc.51

6