UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL HICKS, | No. 2:22-cv-0903 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| PLESCHUK, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner temporarily in county custody proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff filed a motion for extension of time and requests that the court appoint counsel. As discussed below, plaintiff's motion for extension of time is partially granted, and his requests for appointment of counsel are denied.

I.   PLAINTIFF'S ALLEGATIONS

In his second amended complaint, plaintiff alleges defendants Powell and Dr. Pleschuk were determined to remove plaintiff from the Enhanced Outpatient program ("EOP"), despite his demonstrated need for such mental health care, in violation of the Eighth Amendment.[1] (ECF No. 16 at 3-5.)

---

[1] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1

## II. BACKGROUND

On May 5, 2025, the Court recounted issues defendants have had obtaining discovery responses from plaintiff, as well as periods plaintiff was homeless following release from prison. (ECF No. 61 at 2-3.) Plaintiff subsequently notified the Court that he had been released from state custody on January 5, 2025, and was homeless twice since his release, and many times did not have access to his documents. (ECF No. 64.) In addition to those issues, plaintiff claimed his "mental health is also a problem." (Id.)

On June 12, 2025, defendant Dr. Pleshchuk's motion to compel discovery responses was granted, and plaintiff was directed to provide responses within thirty days. (ECF No. 65.)

On August 4, 2025, defendant Dr. Pleshchuk filed a motion to dismiss the action based on plaintiff's failure to prosecute or comply with court orders, arguing such failures substantially delayed and prevented further progress of this case. (ECF No. 66 at 4-8.) In the alternative, defendant Dr. Pleshchuk seeks dismissal as a sanction for plaintiff's failure to comply with discovery obligations. (Id. at 8-9.) On August 18, 2025, defendant Powell filed a motion to dismiss on the same grounds as Dr. Pleshchuk. (ECF No. 68.) Plaintiff's oppositions were due August 25 and September 18, 2025, respectively, but he did not file an opposition or otherwise respond to either motion to dismiss. As a result, on September 15, 2025, the Court provided plaintiff with additional time to respond and ordered plaintiff to file oppositions to defendants' motions to dismiss within 21 days. (ECF No. 69.)

On September 26, 2025, plaintiff filed a motion for 90 day extension of time to oppose the motions to dismiss, and provided a change of address. (ECF No. 70.) Plaintiff stated that he was arrested the first time for not reporting his homelessness to the police department within five days. (Id. at 1.) Although homeless again, plaintiff was arrested for missing mandatory group meetings. (Id.) Plaintiff has limited access to a tablet, and only "days ago" learned how to locate his case. Plaintiff stated he has had four parole agent changes since plaintiff's release in January, and only the first agent made sure plaintiff received his mail. (Id.)

Neither defendant filed an opposition to plaintiff's motion for extension of time.

On September 26, 2025, plaintiff also filed a motion for appointment of counsel, stating

2

that his mental health greatly limits his ability to litigate the complex issues in this case which will require significant research and investigation. (ECF No. 71 at 1.) Plaintiff states his parole agent instructed plaintiff not to go to the public library, although plaintiff does not understand how that could be a parole condition. (Id.) Plaintiff alleges that a trial will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross-examine witnesses. Plaintiff claims he has made repeated efforts to obtain a lawyer. (Id.)

On October 6, 2025, plaintiff filed a second motion for appointment of counsel. (ECF No. 74.) Plaintiff repeats his reasons from his prior motion, and adds that his previous responses to Dr. Pleshchuk's first set of interrogatories were signed under oath. (Id. at 1.) Plaintiff declares he will sign all further responses under oath. (Id.) Plaintiff is disabled and frequently suffers seizures. Since plaintiff's release from prison, he has been reincarcerated twice. The first time, plaintiff was arrested for not reporting to the police department that plaintiff was homeless (within five days of becoming homeless). Plaintiff's parole agent demanded plaintiff report to the office on the 7th day, after the parole agent suggested plaintiff live with a family member in Los Angeles County, but did not request plaintiff go to the police department before leaving Orange County. (Id.) Now plaintiff was arrested for missing a mandated group that plaintiff attended 27 minutes late. After plaintiff realized he caught the wrong bus, plaintiff called the group and was told he would "be granted a 30 minute grace period." (Id. at 1-2.) Apparently, that message was not relayed to the group facilitator. (Id. at 2.) That same day, plaintiff was marked absent for another day because he failed to stay for the one on one session plaintiff had booked the week before. (Id.) When plaintiff asked the facilitator why he did not remind plaintiff, the facilitator responded that was his way to make plaintiff "become responsible." (Id.) Plaintiff then informed the facilitator, for the first time, about plaintiff's mental health condition. Plaintiff's medication dosage was increased while plaintiff was last incarcerated, and a prescription for Zypresa was added. Once plaintiff is released from Orange County custody, he will again be homeless, but can receive mail at 4035 E. Elizabeth Street, Compton, CA 90221. Plaintiff's motion was signed on September 29, 2025. (Id.)

As of October 22, 2025, the Orange County Sheriff's Department website reflects that

3

plaintiff is no longer in custody.[2]

III.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as mental health issues, and lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. The record reflects that plaintiff is literate and able to articulate his claims pro se. Defendants were in the process of obtaining discovery responses, and at this stage of the proceedings, it is unclear whether plaintiff is likely to succeed on the merits of his claims.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

IV.   MOTION FOR EXTENSION OF TIME

The record makes clear that plaintiff is having difficulty adjusting to life outside prison, and his lack of housing is contributing to his failure to diligently prosecute this action. However,

---

[2] This information was obtained from the Orange County Sheriff's Department inmate information system, https://apps.ocsheriff.gov/ (accessed Oct. 22, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

plaintiff's failure to diligently prosecute this action began before his release as defendants have been attempting to obtain discovery responses since at least July and August 2024, while plaintiff was still incarcerated. (ECF Nos. 40 at 6, 42-2 at 1-2; 51 at 1.) As a pro se litigant, it is plaintiff's obligation to diligently prosecute this action. In addition, in the last thirty days, plaintiff has submitted three different filings to the court, but not an opposition to either motion to dismiss. Though the Court is not inclined to grant such a lengthy extension of time based on this record, the Court will grant plaintiff thirty days from the date of this order to file oppositions to defendants' motions to dismiss. Plaintiff is cautioned that the failure to file oppositions to the pending motions to dismiss will result in a recommendation that the motions be granted, and this action be dismissed.

V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF No. 71 & 74) are denied without prejudice.

2. Plaintiff's motion for an extension of time (ECF No. 70) is partially granted.

3. Plaintiff is granted thirty days from the date of this order in which to file oppositions, if any, to the pending motions to dismiss (ECF Nos. 66, 68). Plaintiff is cautioned that failure to file oppositions to the pending motions to dismiss will result in a recommendation that the motions be granted, and this action be dismissed.

4. The Clerk of the Court is directed to change plaintiff's address of record to: Daryl Anthony Hicks, 4035 E. Elizabeth Street, Compton, CA 90221 (ECF No. 74 at 2), and serve this order on plaintiff's new address.

5. In an abundance of caution, the Clerk of the Court is directed to also serve a copy of this order on plaintiff at Daryl Anthony Hicks, 3375482, Central Men's Jail, 550 N. Flower Street Santa Ana, CA 92703.

Dated: October 23, 2025

/1/hick0903.36+31.new

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5